UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAY HARAJLI,

      Plaintiff,

v.                                                    Case No. 09-14598
                                                    Honorable Patrick J. Duggan

WASHINGTON MUTUAL BANK and
JP MORGAN CHASE BANK,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 16, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On or about October 15, 2009, Plaintiff commenced this action against Defendants Washington Mutual Bank ("WaMu") and JP Morgan Chase Bank ("Chase") in the Circuit Court for Wayne County, Michigan. Chase removed the action to federal court based on diversity jurisdiction on November 24, 2009. Presently before the Court is Chase's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Rule 56, filed May 26, 2010.

Chase served Plaintiff's counsel with a copy of its motion via the Court's electronic filing system on May 26, 2010. On May 27, 2010, this Court issue a notice to the parties indicating that Chase's motion had been filed and reminding them of the

provisions of Local Rule 7.1, specifically subsection (e) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Nevertheless, Plaintiff has not responded to the motion. On June 18, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Chase's motion pursuant to Eastern District of Michigan Local Rule 7.1(f). The Court now grants Chase's motion to dismiss.

## I. Applicable Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court most recently provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at

1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

## II. Factual and Procedural Background

On June 16, 2004, Plaintiff closed on a mortgage loan of $248,800 from WaMu in connection with her purchase of real property located at 26923 Havelock in Dearborn Heights, Michigan ("Property"). Subsequently, WaMu failed and, on September 25,

3

2008, was placed into receivership with the Federal Deposit Insurance Corporation ("FDIC") appointed as receiver. Chase thereafter purchased some of WaMu's assets and liabilities from the FDIC, including Plaintiff's loan.

At some time after Chase obtained Plaintiff's loan, Plaintiff stopped making her mortgage payments and Chase began foreclosure proceedings. A sheriff's sale of the Property occurred on October 7, 2009, at which Chase was the highest bidder. On October 19, 2009, a sheriff's deed conveying title in the Property to Chase was recorded in the Wayne County Register of Deeds. The redemption period ended on April 7, 2010.

In the meantime, Plaintiff filed her complaint alleging three counts: (I) quiet title; (II) predatory lending/fraudulent concealment; and (III) violations of the Michigan Consumer Protection Act ("MCPA"). In her quiet title and predatory lending/fraudulent concealment claims, Plaintiff alleges that WaMu's agents overstated Plaintiff's income on her loan application to enable her to secure a loan that she could not afford, failed to properly disclose the terms and conditions of the loan, and improperly issued an adjustable rate mortgage. (Compl. ¶¶ 8, 9, 12.) Plaintiff alleges in her quiet title claim with respect to Chase that Chase "began the foreclosure process against the Property and conducted a Sheriff's Sale . . ." and "refused Plaintiff's request to re-finance or re-purchase the subject property at the current market value . . ." (*Id*. ¶¶ 13-14.) Plaintiff asserts no allegations against Chase in Count II of her complaint. Finally, in Count III of her complaint, Plaintiff generally alleges that "Defendants violated the [MCPA]" and then quotes thirteen of the thirty acts or practices prohibited in section 445.903 of the statute.

4

Chase now seeks to dismiss Plaintiff's complaint alleging that it is not a proper defendant with respect to any claim for money damages based on conduct that occurred before Chase acquired Plaintiff's loan from the FDIC. Chase also argues that Plaintiff's quiet title claim fails as a matter of law because Plaintiff has not alleged any facts to establish the superiority of her claim to the Property. To the extent Plaintiff's quiet title claim in fact is a claim to rescind the note and/or the mortgage, Chase argues that she fails to allege the elements of such a claim. Similarly, Chase argues that Plaintiff fails to allege the elements of a fraudulent concealment claim; but even if she did, her claim fails because she received full and accurate loan disclosures. Chase further argues that Plaintiff does not allege any fraudulent misconduct by Chase. Chase also points out that Michigan does not recognize a cause of action for "predatory lending." Finally, Chase argues that the MCPA does not apply to the transactions at issue in this case.

## III. Analysis

### A. Whether Chase is a Proper Defendant

Chase contends that it is not subject to any liability for WaMu's actions occurring before Chase purchased some of WaMu's assets and liabilities from the FDIC. The Purchase and Assumption Agreement ("PAA") between the FDIC and Chase provides, in relevant part:

> [A]ny liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, . . . related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure, . . . or otherwise arising in connection with the Failed Bank's lending or loan purchase

activities are specifically not assumed by the Assuming Bank [Chase].

www.fdic.gov/about/freedom/Washington_Mutual_P_and_A § 2.5.[1] Courts interpreting the PAA have held that Chase "'expressly disclaimed assumption of liability arising from borrower claims . . . [t]his section leaves the FDIC as the responsible party with respect to those claims.'" *Hilton v. Wash. Mut. Bank*, No. 09-1191, 2009 WL 3485953, at *3 (N.D. Cal. Oct. 28, 2009) (unpublished opinion) (quoting *Cassese v. Wash. Mut. Bank*, 05-2724, slip op. at 6 (E.D.N.Y. Dec. 22, 2008)); *see also Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009) (upholding district court's denial of the plaintiff's motion to substitute Chase as a party for the FDIC because the FDIC is the party liable for WaMu's alleged misconduct under the PAA).

Based on the above discussion, the Court concludes that Chase, in purchasing some of WaMu's assets and liabilities from the FDIC, did not assume any liability for WaMu's alleged misconduct in connection with Plaintiff's loan.

### B.   Plaintiff's Quiet Title Claim

In Count I of her complaint, Plaintiff seeks to set aside Chase's title to the property.[2] As indicated previously, the Property was sold at a sheriff's sale as part of the

---

[1]The PAA is a public document which this Court may consider in deciding Chase's motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001).

[2]In her complaint, Plaintiff also appears to be asking the Court to rescind the mortgage, although she fails to allege under what authority she seeks this relief. She fails to allege the elements of a claim for rescission under Michigan law. *See Two Men and a Truck/ Int'l, Inc. v. Two Men and a Truck/Kalamazoo, Inc.*, 949 F. Supp. 500, 507 (W.D. Mich. 1996) (citations omitted). Plaintiff's claim sounds like a claim under the Truth in

6

foreclosure process. Michigan law requires "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-06, 273 N.W. 747, 748 (1937)). "If a foreclosure sale occurs 'without fraud, and is fairly conducted, after proper notice, and is struck off to a third person,' then a party must present a strong case for a court to set the foreclosure sale aside." *Worthy v. World Wide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 509 (E.D. Mich. 2004), *aff'd* 192 Fed. App'x 369 (6th Cir. 2006) (quoting *Agozzinio*, 280 Mich. at 405-06).

Plaintiff fails to allege any fraud or irregularity in the foreclosure proceedings or some peculiar exigency to justify setting aside Chase's title based on its purchase of the Property at the sheriff's sale. Therefore Plaintiff fails to allege a viable quiet title claim.

### C. Plaintiff's Claim Under the MCPA

Plaintiff alleges that "Defendants violated the [MCPA]." Plaintiff's claim is subject to dismissal because she fails to identify specifically which of the thirteen violations set forth in her complaint Chase committed or any facts to support a violation(s). *See Twombly, supra.* But even if Plaintiff's complaint satisfied *Twombly*'s pleading requirements, her claim fails because the transactions at issue are expressly

---

Lending Act, 15 U.S.C. §§ 1601-1667f; however, there is no right to rescission of a "residential mortgage transaction" under the act and the transaction at issue in this lawsuit is a "residential mortgage transaction" as that term is defined by the statute. *See* 15 U.S.C. §§ 1602w, 1635(e)(1).

exempt from coverage by the MCPA.

The MCPA contains a provision that exempts from the statute's provisions: "A transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of [Michigan] or the United States." Mich. Comp. Laws § 445.904(1)(a). If the defendant was "specifically authorized" by law to have engaged in the "general transaction" at issue, the subject transaction is exempt under the MCPA regardless of whether the specific misconduct alleged is authorized. *See Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 465, 579 N.W.2d 28, 38 (1999). The allegations in Plaintiff's complaint relate to Chase's mortgage lending activities, which is a general transaction specifically authorized by law. *See Evans v. JP Morgan Chase Bank*, No. 06-13973, 2007 WL 2049254, at *3 (E.D. Mich. July 17, 2007) (citations omitted). The MCPA therefore does not apply to Chase's activities in relation to Plaintiff's mortgage.

### D. Plaintiff's Remaining Claims

Plaintiff does not allege any wrongdoing by Chase in her predatory lending/fraudulent concealment claim (Count II) and, as set forth above, Chase is not liable for any alleged misconduct by WaMu in connection with the making of Plaintiff's loan. Therefore Plaintiff fails to state a claim upon which relief may be granted against Chase in Count II of her complaint.[3]

---

[3]The Court also notes that Michigan does not recognize a cause of action for "predatory lending." *See Saleh v. Home Loan Servs., Inc.*, No. 09-10033, 2009 WL

With respect to Plaintiff's claims against WaMu, this Court lacks subject matter jurisdiction over those claims. As previously indicated, the FDIC was appointed as receiver of WaMu. Federal law details a mandatory procedure for all claims against a failed institution once a receiver is appointed. *See* 12 U.S.C. §§ 1821(d)(3)-(13). Pursuant to § 1821(d)(13)(D), jurisdiction is removed from all courts to hear claims against the FDIC, acting as receiver, except where claimants have completed the administrative claims process. *See Simon v. FDIC*, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(13)(D)(i)). The statute's exclusive claims process applies *inter alia* to "any claim relating to any act or omission of such institution [i.e., an institution of which the FDIC has been appointed receiver]." *Id.* § 1821(d)(13)(D)(ii).

Plaintiff fails to allege that she exhausted her claims in the administrative claims process, thus her claims against WaMu also must be dismissed.

**IV. Conclusion**

For the reasons set forth above, the Court holds that Plaintiff fails to state a claim upon which relief may be granted against Chase in Counts I-III of her complaint. The Court lacks subject matter jurisdiction with respect to Plaintiff's claims against WaMu.

Accordingly,

**IT IS ORDERED**, that JP Morgan Chase Bank's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and Plaintiff's claims against JP

---

2496682, at *2 n.1 (E.D. Mich. Aug. 17, 2009) (unpublished opinion).

Morgan Chase Bank are **DISMISSED WITH PREJUDICE**;

      **IT IS FURTHER ORDERED**, that the Court *sua sponte* dismisses without prejudice Plaintiff's claims against Washington Mutual Bank for lack of subject matter jurisdiction.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Emmett D. Greenwood, Esq.
Joseph H. Hickey, Esq.
Michael J. Blalock, Esq.
Brandon M. Blazo, Esq.